IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-226-FL

| | |
|---|---|
| LINDA A. EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PITT COUNTY DEPARTMENT OF ) | |
| SOCIAL SERVICES, GEORGE L. ) | ORDER |
| PERRY, Director of Pitt County Social ) | |
| Services, in his official capacity, APRIL ) | |
| HANNING, in her individual capacity, ) | |
| CYNTHIA M. ROSS, in her individual ) | |
| capacity, LINDA MARTIN CURTIS, in ) | |
| her individual capacity, and LINDA ) | |
| MILLION, in her individual capacity, ) | |
| ) | |
| Defendants. ) | |

This matter comes before the court on defendants' motion to dismiss (DE 25).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr. entered a memorandum and recommendation ("M&R") wherein it is recommended that defendants' motion be granted in part and denied in part (DE 37). Plaintiff timely filed objection, as did defendants Perry, Million, Ross and Hanning ("individual defendants"). The issues raised are now ripe for ruling. For the following reasons, the court adopts the recommendation of the magistrate judge.

---

[1] Defendant Curtis is not a moving party on the instant motion to dismiss. Thus, reference to "defendants" in discussion of this motion does not include defendant Curtis.

## BACKGROUND

The court references the detailed background in the M&R, and briefly summarizes further as follows. Plaintiff brings suit pursuant to 42 U.S.C. §§ 1983 and 1988, asserting constitutional rights violations, and state law, asserting claims for abuse of process and intentional infliction of emotional distress. Plaintiff's grievances arise from the alleged removal of her ailing mother, Mae Bell, from their home, placement of Bell in a facility, denial and limitation of plaintiff's requests to visit her mother, and the taking of plaintiff's house and financial assets by defendant Pitt County Department of Social Services ("DSS") and its individual employees or agents.

## DISCUSSION

A.   Standard of Review

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B.   Objections

   1.   Plaintiff's Objection

Plaintiff makes several objections to the M&R. As to the factual findings, plaintiff appears

2

to object to statements in the M&R, but upon closer review the record shows that the M&R did not misstate the facts. For example, plaintiff claims that she "did not 'steal' money from her elderly mother." Pl.'s Factual Obj. ¶ 1. However, nowhere in the M&R does it state or find that plaintiff stole from her mother, only that plaintiff was indicted for embezzlement, among other chargess, which was later dismissed. M&R 5. In fact, the only "stealing" mentioned in the M&R is in relation to defendant Curtis's alleged stealing of plaintiff's private documents. M&R 32. Plaintiff's other factual objections similarly misconstrue the statements in the M&R. Therefore, upon *de novo* review of plaintiff's factual objections, the court finds that the M&R accurately recited the facts and adopts such recitation as its own.

Plaintiff makes two chief objections to the analysis of the M&R. Particularly, plaintiff states that: (1) she has demonstrated clear constitutional violations where her mother was taken away by the state, just as those violations would be clear if a dependent child were taken from her parent; and (2) that plaintiff has First Amendment speech rights in using a power of attorney as part of her mother's estate planning. As to the first objection, plaintiff recognizes that there is "no clear precedent," but nonetheless argues that the Constitution should provide her redress. Plaintiff's normative argument that she should have a liberty interest in her familial child-parent relationship is simply not supported by constitutional case law. This issue was thoroughly surveyed and thoughtfully analyzed in the M&R, which found that the substantive due process protections plaintiff seeks are not available to her. Therefore, the court adopts the analysis of the M&R as to plaintiff's familial relationship-based constitutional claims.

As to her second legal objection, plaintiff argues that Medicaid planning is protected by the First Amendment as a form of free speech. Plaintiff's argument is based upon a case that granted

3

an injunction against enforcing a statute that would interfere with attorneys' counseling of their clients as to qualifying for Medicaid benefits. Pl.'s Legal Obj. ¶¶ 5-6 (citing N.Y. State Bar Ass'n v. Reno, 999 F.Supp. 710 (N.D.N.Y. 1998)). Reno is inapposite here because it enjoined the enforcement of a regulation that the government recognized as unconstitutional. See Reno, 999 F.Supp. at 716. As recognized in the M&R, estate planning is not "speech" or "expressive conduct" that warrants First Amendment protections. M&R 12-13. Thus, the court also adopts the analysis in the M&R as to this point over plaintiff's objection.[2]

    2.    Individual Defendants' Objection

Individual defendants object, on the basis of absolute immunity from this lawsuit, to the portions of the M&R that recommend denial in part of defendants' motion to dismiss. This argument was not raised in defendants' motion, and is thus not evaluated in the M&R. Absolute immunity is a privilege extended to public officials when performing a limited range of functions, including social workers acting in a prosecutorial role. Vosburg v. Dep't of Soc. Servs., 884 F.2d 133, 136 (4th Cir. 1989). The court in Vosburg recognized that absolute immunity for social workers does not extend to their administrative or investigative activities. Id. at 138.

To support their claim of absolute immunity, individual defendants claim that the complaint's only allegations against defendants Million and Ross are in relation to the prosecutorial act of seeking a court order to freeze plaintiff's assets for an underlying administrative action. Defs.' Obj. 3-4. The complaint, however, viewed in the light most favorable to plaintiff, asserts other types of misconduct aside from actions that could only be categorized as "prosecutorial." See,

---

[2] The court notes that plaintiff attaches, without much explanation, some medical documentation to her objection to the M&R. To the extent that plaintiff wishes to amend her complaint to include allegations of her mental, emotional and/or physical health, plaintiff shall file an appropriate motion in accordance with the Local Rules and Federal Rules of Civil Procedure.

4

e.g., Compl. ¶¶ 30, 33, 34 (alleging multiple visits to plaintiff's home by defendant Ross, which involved questioning of plaintiff and her mother); Compl. ¶ 38 (alleging that defendants Ross and Million "arrived at the Evans residence without notice"); Compl. ¶ 48 (alleging that defendant Million ended weekly visitation "without any judicial involvement"). Therefore, individual defendants' objection on the basis of absolute immunity is overruled.

## CONCLUSION

Upon *de novo* review of those portions of the M&R to which specific objection has been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendation of the magistrate judge (DE 37), and GRANTS in part and DENIES in part defendants' motion to dismiss (DE 25), in accordance with the M&R.

SO ORDERED, this the 18th day of September, 2013

LOUISE W. FLANAGAN
United States District Judge