IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:12-CV-226-FL

| | | |
|---|---|---|
| LINDA A. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LINDA MARTIN CURTIS, in her | ) | |
| individual capacity, | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes now before the court upon defendant's motion to dismiss (DE 69), following her verified answer (DE 24), which motion the court characterizes as one seeking summary judgment. Said characterization is in line with plaintiff's verified response, presenting a mass of evidence in opposition to the motion together with a motion to strike. (DE 77). For reasons given, plaintiff's motion to strike is denied. Defendant's motion is allowed.

BACKGROUND

This lawsuit arises out of a state court proceeding which ultimately divested plaintiff of the care of her ailing mother as a result of abuses plaintiff was found to have committed. A number of institutional and individual defendants were named in the case. The remaining defendant, Linda Martin Curtis ("Curtis"), was a privately retained caretaker for plaintiff's mother, who reported plaintiff's conduct to local authorities.

The case has wound its way up to the Fourth Circuit Court of Appeals and back to the trial court, upon remand, where by order entered September 18, 2013, this court had granted in part and

denied in part the motion to dismiss filed by the other defendants, including Pitt County Department of Social Services ("DSS"); George L. Perry ("Perry"), the Director of DSS; Linda H. Million ("Million"), a DSS supervisory employee; Cynthia M. Ross ("Ross"), a DSS investigator; and April Hanning ("Hanning"), another investigator for DSS.

On July 11, 2014, the appellate court vacated this court's judgment in part. The appellate court concluded that defendants Ross and Million are entitled to absolute immunity from plaintiff's claim that they violated her procedural due process rights. It also concluded that plaintiff's claim against defendant Perry for failure to train or supervise must be dismissed because it is derivative of the underlying due process claim. The appellate court's mandate issued September 2, 2014, and in accordance therewith, this court dismissed plaintiff's procedural due process claim against defendants Ross and Million, and plaintiff's claim for failure to train or supervise against defendant Perry. Where no claims remained against defendants DSS, Perry, Million, Ross, or Hanning, these defendants were ordered September 25, 2014, dismissed from the case. That left defendant Carter as the sole remaining defendant. She has proceeded throughout the litigation without benefit of counsel, appearing on her own behalf.

The court subsequently notified plaintiff that if she wished to proceed with this action, it was necessary that plaintiff confer with defendant and file a report in conformity with the requirements of the initial order regarding planning and scheduling, issued November 30, 2012. Thereafter, plaintiff tendered her report October 17, 2014, purporting to show an inability to contact defendant in furtherance of its preparation. At or around this time plaintiff's lawyer, David Sutton, was subject to disbarment proceedings, now concluded.

2

Defendant subsequently filed a motion to dismiss on November 7, 2014. On December 1, 2014, plaintiff, now acting *pro se*, filed a motion for extension of time to file a response to the motion to dismiss and to stay proceedings, asserting that Sutton had failed to notify her of the pending motion to dismiss. The court allowed plaintiff a period of 60 days from December 1, 2014, to find a new lawyer and respond to defendant's motion, subsequently extended upon request a further seven days.

While no attorney has entered an appearance on behalf of plaintiff, her filing made February 9, 2015, bears many hallmarks of a pleading prepared by learned counsel. A copious amount of evidence also was entered into the record by plaintiff, in opposition to defendant's motion.

### COURT'S DISCUSSION

The court grants indulgences to both sides, proceeding *pro se*, in construing the filings of record. Given the court's characterization of defendant's motion as one seeking summary judgment, which characterization comports with the manner of response made to it by plaintiff, and for other reasons, plaintiff's motion to strike is denied. A scale weighing the parties' pleadings for impertinency or scandalousness would fall heavily on the side of plaintiff in this case.

Defendant properly refers to applicable state law cited as the "Protection of the Abused, Neglected, or Exploited Disabled Adult Act," concerning her reporting duties and the immunities accruing to her, unless defendant "acted in bad faith or with a malicious purpose." N.C.G.S. § 108A-102(c).

There is no material issue concerning her protected status as "caretaker." Id. at § 108A-101(b). Defendant was hired by plaintiff to provide daily care for her mother. In her verified answer, defendant denies plaintiff's allegations, which denials are infused by the tenor of the instant

3

motion. Defendant refutes she is an agent for DSS and asserts she acted in good faith, as she "only did what was the right thing to do morally and legally, and that was to report to the North Carolina Department of Social Services Adult Protection Agency, what she regarded as Elderly Abuse."

In her response, plaintiff recognizes defendant's protected status. Nothing in the record, which includes a transcript of defendant's testimony on which plaintiff relies, supports her assertion that defendant was a "*de facto* agent" for DSS. The fact of the matter is that local authorities determined it necessary to remove plaintiff's mother from the home she shared with plaintiff. A caretaker's report need not be validated by DSS in order for the caretaker to receive immunity, but here there is no dispute that it was. Plaintiff disagrees bitterly with that outcome, but that is not the stuff of which to pierce defendant's immunity. On the record before this court, including plaintiff's verified response and the evidence offered, there is no genuine issue of material fact that defendant had reasonable cause to believe plaintiff's mother needed protective services, and that defendant's reporting actions were not characterized by bad faith and/or done with malicious purpose, either. For all these reasons, judgment must be entered in favor of defendant.

## CONCLUSION

For the reasons given, plaintiff's motion to strike is DENIED. (DE 77). The court grants defendant's motion for summary judgment, (DE 69), and directs the clerk to enter judgment in favor of defendant. The clerk also is directed to close the case.

SO ORDERED, this the 14th day of April, 2014.



LOUISE W. FLANAGAN
United States District Judge

4